

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 19, 2025

**BY ECF AND EMAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Application GRANTED. The Clerk of Court is directed to terminate Doc. #64.

SO ORDERED.

October 20, 2025

    **Re:**    *United States v. Josue Garcia*, 19 Cr. 225 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter to request that the Court order the United States Probation Office for the Southern District of New York ("Probation") to provide the Government with chronological and other records detailing Josue Garcia's supervision in connection with the Government's preparation for the upcoming violation of supervised release ("VOSR") hearing scheduled in this case on November 19, 2025.

    I.    <u>Background</u>

    On December 15, 2020, Garcia pled guilty to a Superseding Information S1 19 Cr. 225 that charged Garcia with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951; conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii) and 2; conspiring to traffic controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (b)(1)(C), and (b)(1)(D); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to time served (*i.e.*, approximately six years and 3 months) and five years' supervised release. Garcia's term of supervised release began on or about December 17, 2024.

    On or about January 14, 2025—less than one month after being released from prison—Garcia encountered law enforcement in Newark, Delaware. One or more residents in Newark had called the police to report a suspicious blue Mercedes with New Jersey license plates driving around the neighborhood. As captured on body-worn camera footage, law enforcement did approach and talk to Garcia and another passenger, both of whom were in that blue Mercedes Benz, but ultimately did not ticket or otherwise cite them for any violations.

Garcia and his passenger in the Mercedes Benz remained in Newark, Delaware, and later that day, they attempted to flag down a FedEx driver and obtain a package addressed to an individual living in Newark ("Victim-1"). Victim-1, who had been waiting for the delivery of multiple Apple devices, came out of his home and saw one or more individuals in the blue Mercedes Benz interacting with a FedEx driver, at which time Victim-1 waved to the FedEx driver. Garcia and his passenger, realizing that their plan to steal the package had been foiled, tried to drive away and hit Victim-1's neighbor ("Victim-2"), who was crossing the street. Garcia did not stop and continued to speed away, and Victim-2 was transported to the hospital for treatment. Because the insurance on the Mercedes Benz only covered a portion of the medical bills, Victim-2 was later saddled with thousands of dollars in medical debt.

United States Probation Officer Michael Nicolson first learned of Garcia's attempted theft and hit-and-run in or about June 2025, at which time he filed a VOSR petition. The Court issued the petition and an arrest warrant for Garcia on June 23, 2025. On or about July 24, 2025, Garcia was arrested and presented before the Honorable Ona T. Wang, Magistrate Judge for the Southern District of New York, at which time he was ordered detained. Incident to Garcia's arrest, law enforcement seized Garcia's cellphone, which was transported to the United States Courthouse and provided to Probation Officer Nicholson. When Nicholson approached Garcia's defense counsel to request consent to search the seized cellphone, defense counsel consulted with Garcia and then conveyed to Probation Officer Nicholson that the seized cellphone was not Garcia's cellphone but Garcia's girlfriend's cellphone. Based on GPS ping data and other information, U.S. Probation confirmed that the cellphone in its possession was in fact Garcia's cellphone and used by him on numerous occasions.

On or about August 13, 2025, the Court issued an amended VOSR petition that included new specifications for failing to answer U.S. Probation Officer Nicholson's questions about the cellphone truthfully and failing to consent to a search of the cellphone based on reasonable suspicion, as required under Garcia's conditions of supervised release.

II.   Application

The Government asks that Probation release the following records to the Government:

1.   Chronological records (referred to by Probation as a "chronology" or "chrono") for Garcia; and

2.   All records related to the specifications contained in the Amended VOSR Petition.

The Government has reason to believe that these records contain material relevant to the violations in the Amended VOSR Petition, as they will demonstrate, among other things, (i) an absence of records showing that Garcia had notified U.S. Probation about his encounter with law enforcement in Delaware or requested permission to travel outside the district; (ii) that the phone number that Garcia listed as his contact for and/or used to contact U.S. Probation matched the cellphone number of the device seized incident to his arrest; and (iii) that Garcia refused to consent to the search of his cellphone, as required by the conditions of his supervised release, and lied to

Probation by indicating through his attorney that the phone seized by law enforcement was not his cellphone. At a minimum, Probation's records regarding the defendant's contacts and interactions with Probation are relevant to the hearing and not available from other sources.

In addition, the Government intends to call Garcia's probation officer to testify at the VOSR hearing and seeks these records to comply with its obligations under Title 18, United States Code, Section 3500 and/or pursuant to its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

Accordingly, the Government requests that the Court order Probation to release the records specified above to the Government by October 24, 2025 to allow the Government sufficient time to make the necessary disclosures to the defendant prior to the VOSR hearing on November 19, 2025.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____
Timothy Ly
Assistant United States Attorney
(212) 637-1062

cc:  Daniel McGuinness (via ECF and email)
     Michael Nicolson, Probation Officer, SDNY Probation Office (via email)